IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICKY DON DEBRICK, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 24-1053 |

## COMPLAINT

Plaintiff, the United States of America, at the request and with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this action to collect civil penalties assessed under 31 U.S.C. § 5321(a)(5) against Ricky Don Debrick for his willful failure to report his interest in foreign bank accounts for years 2010 and 2011.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355(a) because the action arises under a federal statute, the United States is the plaintiff, and the action seeks to recover civil penalties incurred under an Act of Congress.

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c)(3) as Ricky Don Debrick is not resident in the United States.

### PARTIES

3. Plaintiff is the United States of America.

4. Defendant Ricky Don Debrick is a United States citizen. On information and belief, Debrick currently lives in France.

1

## THE FBAR REPORTING REQUIREMENT

5. 31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial entities.

6. Under the statute's implementing regulations, each United States person who has a financial interest in or signatory authority over foreign reportable accounts that exceed $10,000 in aggregate value must report those accounts to the United States for each year such relationship exists. 31 C.F.R. §§ 1010.350(a), 1010.306(c).

7. For purposes of the reporting rules, "United States person" is defined to include all citizens of the United States, 31 C.F.R. § 1010.350(b)(1), and "reportable accounts" include bank accounts, securities accounts, and other defined financial accounts, 31 C.F.R. § 1010.350(c).

8. For 2010 and 2011 (the years at issue) persons were required to report a relationship with a foreign account on Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts. 31 C.F.R. § 1010.350(a). This form is commonly known as an "FBAR."

9. An FBAR requires a U.S. person to annually disclose—for each foreign account in which that person has an interest (unless that person has 25 or more accounts)—the account number, the account type, the name and mailing address of the financial institution in which the account is held, and the maximum value of the account during that calendar year. *See* Form TD F 90-22.1.

10. For 2010, the FBAR was due by June 30, 2011. 31 C.F.R. § 1010.306(c). For 2011, the FBAR was due by June 30, 2012. *Id.*

## THE FBAR PENALTY

11. 31 U.S.C. § 5321(a)(5) authorizes the imposition of civil penalties for a willful failure to comply with the requirements of 31 U.S.C. § 5314.

12. The maximum amount of the penalty for a willful failure to report an account is $100,000 or 50% of the balance in the account at the time of the violation, whichever is greater. 31 U.S.C. § 5321(a)(5)(C).

13. The penalty under 31 U.S.C. 5321(a)(5)(C) is subject to interest and late-payment penalties under 31 U.S.C. § 3717.

## DEBRICK'S ACTIVITIES

14. Debrick is an oil and gas consultant. In 2000, Debrick formed a company in the British Virgin Islands called International Oil & Gas Associates, Ltd. (IOGAL). IOGAL received Debrick's consulting income, which Debrick did not report on his self-prepared income tax returns. Debrick is 100% shareholder in IOGAL and an authorized signatory.

15. Debrick established a trust in Jersey called Alexsam to hold the corporate shares, and thus the assets, of IOGAL. The Jersey trust did not hold any other assets. Debrick and his immediate family members were the sole beneficiaries of the Jersey trust.

16. In 2009, Debrick moved the IOGAL assets and corporate shares to a different trust, called Masalex, under the same terms. The two trusts will be referred to collectively as the "Jersey trusts."

17. Both the first and second trusts holding the IOGAL assets and shares were grantor trusts over which Debrick maintained control. Debrick directed the IOGAL portfolio and made large cash withdrawals from the IOGAL accounts. The only external funds into the IOGAL accounts came from Debrick's consulting income.

## DEBRICK FAILED TO REPORT SIX FOREIGN ACCOUNTS

18. Debrick prepared and filed an FBAR for 2010 reporting only three personal accounts totaling $28,883. Debrick failed to timely file an FBAR for 2011 at all.

19. In 2010 and 2011, Debrick had a financial interest in or signature or other authority over six foreign accounts, including accounts at Hyposwiss and RBS Coutts, both of which are Swiss banks.

20. Hyposwiss reported one of Debrick's foreign accounts to the United States. Debrick then entered the Service's Offshore Voluntary Disclosure Program (OVDP). As part of that program, Debrick filed an amended FBAR for 2010 and an FBAR for 2011, on which he reported several accounts that he did not disclose on his originally filed FBAR.

21. OVDP was a set of procedures to encourage individuals to disclose previously unreported foreign investment income on their tax returns.

22. Debrick was removed from OVDP in 2018 for noncompliance with the program's requirements.

23. For both 2010 and 2011, Debrick had a financial interest in at least six foreign accounts held by himself or his consulting corporation, including accounts with: RBS Coutts (Swiss), Hyposwiss (Swiss), Banque Populaire (French), Societe Generale (French), Credit Suisse (Swiss), and Credit Agricole (French).

24. The aggregate balance of the six accounts identified in paragraph 23, above, exceeded $10,000 during calendar years 2010 and 2011.

25. For 2010, Debrick's amended FBAR—filed as part of OVDP—listed accounts totaling $2,896,983, the majority of which consist of IOGAL accounts (held by the Jersey trusts) maintained with Hyposwiss and RBS Coutts.

26. For 2011, Debrick's FBAR—filed as part of OVDP—listed accounts totaling $3,407,821, the majority of which consist of IOGAL accounts (held by the Jersey trusts) maintained with Hyposwiss and RBS Coutts.

27. As a U.S. citizen, Debrick is a U.S. person under the reporting statute and was required to report his interest in the foreign accounts.

**DEBRICK WILLFULLY FAILED TO DISCLOSE HIS FOREIGN ACCOUNTS**

28. Debrick's failure to file accurate FBARs for 2010 and 2011 was willful. Debrick knew of the FBAR filing requirement and knew that he had an interest in or exercised control over the unreported foreign accounts.

29. Debrick knew a foreign account holder must file an FBAR because he filed self-prepared FBARs for many years. Debrick timely filed income tax returns (Form 1040) and FBARs for all years prior to 2011.

30. Debrick has a pattern of concealing tax information from the United States and other taxing authorities.

31. On his original income tax returns for 2010 and 2011, Debrick failed to report his consulting income. He also failed to report rental income from three properties he owns in France. Debrick likewise failed to report his consulting income on returns filed with French authorities, despite claiming significant foreign tax credits on his income tax returns. Additionally, on his original income tax returns, he answered "no" when asked whether he was a grantor of a foreign trust. He also failed to list the existence of foreign accounts in Switzerland, while he did disclose his personal French accounts on his original income tax returns.

32. On the FBARs Debrick filed prior to 2011, he reported only small personal accounts. He included three to four foreign accounts per year, generally totaling around $20,000.

33. Debrick willfully concealed his foreign assets from U.S. authorities. He channeled his consulting income to a corporation established in the British Virgin Islands, and then used Jersey trusts—over which he is a beneficial owner, and which are solely funded by his consulting income—to hold the assets of the foreign corporation in Swiss banks.

34. Debrick took affirmative steps to conceal his foreign accounts from the United States. When Credit Suisse, Debrick's original Swiss bank, notified him in 2009 that it would begin cooperating with the United States, Debrick moved millions of dollars from Credit Suisse to Hyposwiss and RBS Coutts. He also shuffled the IOGAL assets from one Jersey trust to another. After those steps, Debrick filed FBARs omitting the Hyposwiss and RBS Coutts accounts, among others. Hyposwiss ultimately reported its relationship with Debrick as part of the non-prosecution agreement it executed under the Swiss Bank Program, which is how the United States learned of Debrick's unreported accounts.

35. Debrick failed to participate in OVDP and other programs in good faith. He qualified for the reduced penalty and then refused to pay it. He then attempted to transition to the non-willful program, claiming under penalty of perjury that he had no control over IOGAL or the Jersey trusts and thus believed he need not have reported the accounts held by those entities. Debrick repeatedly delayed administration of the programs by committing to send documents to the IRS and then failing to do so. When the IRS finally received supposedly corroborating documents, they showed Debrick exercised complete control over IOGAL and the grantor trusts.

## THE IRS PROPERLY ASSESSED FBAR PENALTIES FOR 2010 AND 2011

36. For 2010, the IRS assessed a willful FBAR penalty of $782,927. The penalty is based on the value of the unreported accounts and less than the statutory maximum.

37. For 2011, the IRS assessed a willful FBAR penalty of $920,984. The penalty is based on the value of the unreported accounts and less than the statutory maximum.

38. FBAR penalties for 2010 and 2011 were assessed against Debrick on April 14, 2022.

## COUNT ONE: REDUCTION OF FBAR PENALTIES TO JUDGMENT

39. During 2010 and 2011, Debrick was a United States citizen who had a financial interest in or signatory authority over six foreign bank accounts, identified in ¶ 23, above, the aggregate value of which exceeded $10,000.

40. Debrick failed to file an FBAR with respect to the six accounts identified in ¶ 23, above.

41. Debrick's failure to file these FBARs was willful within the meaning of 31 U.S.C. § 5321(a)(5).

42. A delegate of the Secretary of the Treasury assessed civil penalties on April 14, 2022 against Debrick under 31 U.S.C. § 5321(a)(5) for his willful failure to file FBARs with respect to the six accounts identified in ¶ 23, above.

43. Debrick was assessed $782,927 for 2010 and $920,984 for 2011.

44. A delegate of the Secretary of the Treasury sent notice of the civil penalty assessments to Debrick and demanded payment of the assessments.

45. Despite notice and demand for payment, Debrick has failed to fully pay the penalties assessed against him.

46. Interest and penalties have accrued and will continue to accrue on the penalties described in ¶ 43, above, pursuant to 31 U.S.C. § 3717 until they are paid in full.

47. For 2010, as of April 10, 2024, the current balance is $890,435.

48. For 2011, as of April 10, 2024, the current balance is $1,047,449.

49. As of April 10, 2024, Debrick is indebted to the United States in the amount of $1,937,884.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court:

A. Enter judgment in favor of the United States and against Defendant Ricky Don Debrick in the amount of $1,937,884, as of April 10, 2024, for the penalties assessed against him under 31 U.S.C. § 5321(a)(5) for 2010 and 2011, plus further interest and statutory additions that have occurred and will continue to occur until the liability is paid in full;

B. Award to the United States its costs of prosecuting this action; and

C. Grant such other and further relief as the Court deems just and equitable.

Dated: April 12, 2024

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/ Moira E. Goodwin*
MOIRA E. GOODWIN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-718-7056 (phone)
202-514-6866 (fax)
moira.e.goodwin@usdoj.gov
D.C. Bar ID: 1780293